UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00704-KK-DTBx** | Date: | May 8, 2026 |
|---|---|---|---|

Title:  *James Rutherford v. Jose Ortega*

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction**

On February 8, 2026, plaintiff James Rutherford ("Plaintiff") filed the operative Complaint against defendant Jose Ortega ("Defendant").  ECF Docket No. ("Dkt.") 1, Complaint ("Compl.").  As alleged in the Complaint, on February 8, 2025, Defendant sent "harassing and threatening" text messages and voicemails to Plaintiff, causing Plaintiff "severe and significant emotional distress" and "intruding upon [Plaintiff's] expected solitude."  Id. ¶¶ 50-71.  Based on these allegations, Plaintiff raises causes of action for intentional infliction of emotional distress and intrusion upon seclusion.  Id. ¶¶ 72-84.  Plaintiff asserts he has suffered damages of at least $75,000 and seeks general damages, special damages, punitive damages, costs, and interest.  Id. at 12.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation."  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  "In a diversity case originally filed in federal court, the 'sum claimed' in the complaint 'controls if the claim is apparently made in good faith.'"  Id. (quoting Wash. Nat'l Ins. Co. v. OBEX Grp. LLC, 958 F.3d 126, 135 (2d Cir. 2020)).  "Making a claim in 'good faith' means that a

plaintiff's 'estimations of the amounts recoverable must be realistic.'"  Choudhuri v. Wells Fargo Bank, N.A., No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (quoting Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004)).  A court may dismiss a complaint where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  Me. Cmty. Health Options, 993 F.3d at 723 (9th Cir. 2021) (citation modified) (quoting Wash. Nat'l Ins. Co., 958 F.3d at 135).

Here, it appears "clear to a legal certainty that [Plaintiff's] unliquidated tort claim could not sustain a judgment of over" $75,000 and that Plaintiff's claims were "not made in good faith but only for the purpose of obtaining federal court jurisdiction."  Christensen v. Nw. Airlines, Inc., 633 F.2d 529, 530-31 (9th Cir. 1980) (holding a party's claim for emotional distress stemming from "an argument over who was at fault for her missed flight" was not justiciable in federal court).  Specifically, while Plaintiff generally alleges he has "suffered damages in an amount to be proven at trial, but in no event less than $75,000," the Court finds no basis to conclude Plaintiff's claimed damages – premised on allegedly harassing text messages and voicemails sent within the course of a single day – realistically exceed the jurisdictional requirement.  Compl. ¶¶ 78, 84; see also Surber v. Reliance Nat'l Indem. Co., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) ("[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." (citation modified)).  Moreover, to the extent Plaintiff seeks punitive damages, Plaintiff does not appear to sufficiently allege Defendant acted with "oppression, fraud, or malice."  Cal. Civ. Code § 3294(a); see also Bourhis v. "Reader's Digest" Ass'n, 330 F. Supp. 319, 320 (N.D. Cal. 1971) ("The simple addition of a prayer for punitive damages will not save such a case, absent a showing or colorable allegation of facts which would give rise to such damages in the State whose law is to be applied.").[1]

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a response to this Order **no later than seven (7) days from the date of this Order**.  **Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction.**  See Arbaugh, 546 U.S. at 514.  The Court notes dismissal without prejudice would permit Plaintiff to file this action in state court.[2]

**IT IS SO ORDERED.**

---

[1] Additionally, under California law, "[a]ttorney's fees are not generally available to prevailing parties in tort actions."  Aozora Bank, Ltd. v. 1333 N. Cal. Boulevard, 119 Cal. App. 4th 1291, 1294 (2004).

[2] To the extent Plaintiff seeks a jury trial, the Court further notes a federal civil jury verdict must be unanimous, whereas a California civil jury verdict requires only a three-fourths majority.  Compare Fed. R. Civ. P. 48(b), with Cal. Const., art. I, § 16.